UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WELINGTON GARCIA,

                        Plaintiff,

     v.                                              9:21-CV-0135
                                                          (DNH/TWD)

LAGARDE, et al.,

                        Defendants.

---

APPEARANCES:

WELINGTON GARCIA
19-R-0349
Plaintiff, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953


THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Welington Garcia commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").[1] By Decision and Order filed on March 30, 2021, the Honorable David N. Hurd

---

[1] By Order entered on February 8, 2021, plaintiff's initial application to proceed IFP was denied as incomplete and this action was administratively closed. Dkt. No. 4. Thereafter, plaintiff filed his IFP Application, together with the inmate authorization form required in this District, and the Clerk was directed to reopen this action and restore it to the Court's active docket. See Dkt. Nos. 5, 6, 7.

granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, dismissed some of plaintiff's claims and some of the named defendants and directed service and a response for the claims against Corrections Sergeant Lagarde that survived sua sponte review.  Dkt. No. 8 ("March 2021 Order").[2]

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 12 ("Am. Compl.").

## II.   DISCUSSION

### A.   The Complaint and March 2021 Order

In his original complaint, plaintiff asserted claims based on alleged wrongdoing that occurred during his confinement at Bare Hill Correctional Facility.  *See generally* Compl.

The complaint was construed to assert the following claims: (1) a Fourth Amendment unlawful search claim against defendant John Doe #4; (2) Eighth Amendment conditions-of-confinement claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, Lagarde, and Dumas; (3) Eighth Amendment excessive force claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Lagarde; and (4) a supervisory liability claim against defendant McIntosh.  *See* March 2021 Order at 6-7.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

---

[2] Because service cannot be effectuated on "Doe" defendants, plaintiff was advised that he must take reasonable steps to ascertain the identity of the "Doe" defendants remaining in this action through discovery, and when identified, seek to amend the complaint to add these individuals as defendants in this action pursuant to Federal Rule of Civil Procedure 15(a).  *See* March 2021 Order at 19.  Plaintiff was further cautioned that his failure to timely serve these defendants will result in their termination from the action and dismissal of the claims asserted against them.  *Id*. at 19-20.

1915A, Judge Hurd found that the following claims survived sua sponte review: (1) plaintiff's Fourth Amendment unlawful search claim against defendant John Doe #4; (2) plaintiff's Eighth Amendment conditions-of-confinement claims against defendants John Doe #1, John Doe #5, John Doe #6, and Lagarde; and (3) plaintiff's Eighth Amendment excessive force claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Lagarde.  *See* March 2021 Order at 18.  Plaintiff's claims against the named defendants in their official capacities were dismissed with prejudice, and his remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *Id.* at 18-19.

### B.   Overview of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2021 Order and it will not be restated in this Decision and Order.  *See* March 2021 Order at 2-4.

The amended complaint names only John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, and Corrections Sergeant Lagarde as defendants.  The allegations in the amended complaint against these defendants are materially similar to the allegations in the original complaint, with a few limited exceptions.

First, the amended complaint alleges that when plaintiff was assaulted by defendants John Doe #1, John Doe #2, and John Doe #3 on or about October 21, 2020, he was in handcuffs, and immediately following the assault, defendant John Doe #1 stated, "you are

3

lucky we do not kill your ass, you spick bastard." Am. Compl. at 4.

Second, the amended complaint alleges that after the assault, defendant John Doe #2 ordered plaintiff to remove his socks, after which defendant John Doe #1 stepped on his foot and twisted, while defendants John Doe #2 and John Doe #3 "stood idly by without saying anything." Am. Compl. at 4.

Third, the amended complaint describes defendant John Doe #4 as "a tall caucasian officer[.]" Am. Compl. at 5.

Fourth, the amended complaint alleges that on or about October 22, 2020, after plaintiff was moved from SHU cell #31 to SHU cell #27, which had "a broken window that [did] not close" and was "very cold[,]" defendants John Doe #5 and John Doe #6 denied his request for a blanket, and told him to "deal with" the conditions and "stop asking for things" or he would "not be leaving th[e] building alive." Am. Compl. at 5.

In addition to these new allegations, exhibits were submitted with the amended complaint, which the Court has also considered as part of its sufficiency review herein. *See* Am. Compl. at 10-13.

Liberally construed, the amended complaint re-asserts each of the Section 1983 claims that previously survived sua sponte review, as well as the following new claims: (1) a Fourteenth Amendment equal protection claim against defendant John Doe #1; and (2) Eighth Amendment failure-to-intervene claims against defendants John Doe #2 and John Doe #3.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

### 1.  Re-Asserted Claims that Previously Survived Sua Sponte Review

As noted, the following claims previously survived sua sponte review: (1) plaintiff's Fourth Amendment unlawful search claim against defendant John Doe #4; (2) plaintiff's Eighth Amendment conditions-of-confinement claims against defendants John Doe #1, John Doe #5, John Doe #6, and Lagarde; and (3) plaintiff's Eighth Amendment excessive force claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Lagarde.  *See* March 2021 Order at 18.  Moreover, the allegations in the amended complaint are materially similar to the allegations in the original complaint with respect to these claims.  Accordingly, and for the reasons set forth in the March 2021 Order, these claims once again survive initial review.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 2.  New Equal Protection Claim

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's equal protection claim against defendant John Doe #1 survives sua sponte review.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 3.  New Failure-to-Intervene Claims

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's failure-to-intervene claims against defendants John Doe #2 and John Doe #3 survive sua sponte review.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### III.  SERVICE ON THE "DOE" DEFENDANTS

As noted in the March 2021 Order, it is plaintiff's responsibility to take reasonable steps to ascertain the identities of the "Doe" defendants who remain in this action and, when identified, seek to amend his operative pleading to add these individuals as defendants in this action pursuant to Federal Rule of Civil Procedure 15(a).

In the event defendant Lagarde files an answer to the amended complaint, the Court will issue a Mandatory Pretrial Discovery and Scheduling Order ("Scheduling Order"), which will, among other things, require that plaintiff be provided with certain discovery.[3] Such discovery will likely provide plaintiff with the information necessary to identify the "Doe" defendants. If not, plaintiff may serve discovery demands on counsel seeking such information in accordance with the terms of the Scheduling Order.

In the event defendant Lagarde files a dispositive motion in lieu of an answer, counsel for defendant Lagarde will in all likelihood be directed to attempt to ascertain the full names of the "Doe" defendants pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), and, if identified, provide addresses where these defendants can currently be served.[4]

Plaintiff is once again reminded that his failure to timely name and serve the officials currently identified as "Doe" defendants will result in their termination from the action and dismissal of the claims asserted against them. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); N.D.N.Y. L.R. 41.2.

---

[3] Defendant Lagarde was served with the complaint on May 10, 2021. Dkt. No. 13.

[4] In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the following claims **SURVIVE** sua sponte review and require a response: (1) plaintiff's Fourth Amendment unlawful search claim against defendant John Doe #4; (2) plaintiff's Eighth Amendment conditions-of-confinement claims against defendants John Doe #1, John Doe #5, John Doe #6, and Lagarde; (3) plaintiff's Eighth Amendment excessive force claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Lagarde; (4) plaintiff's Fourteenth Amendment equal protection claim against defendant John Doe #1; and (5) plaintiff's Eighth Amendment failure-to-intervene claims against defendants John Doe #2 and John Doe #3; and it is further

**ORDERED** that all remaining Section 1983 claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by defendant Lagarde, or his counsel, as provided for in the Federal Rules of Civil Procedure;[5] and it is further

**ORDERED** that plaintiff must take reasonable steps to ascertain the identity of the "Doe" defendants remaining in this action through discovery, and when identified, seek to

---

[5] Because defendant Lagarde has already been served, the Clerk need not issue a summons for this defendant.

amend the amended complaint to add these individuals as defendants in this action pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiff's failure to timely serve these defendants will result in their termination from the action and dismissal of the claims asserted against them; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff and the Office of the New York State Attorney General.

**IT IS SO ORDERED.**

Dated: June 10, 2021
       Syracuse, NY

**Thérèse Wiley Dancks**
**U.S. Magistrate Judge**