UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WELLINGTON GARCIA,

        Plaintiff,

        -v-                           9:21-CV-135

LAWRENCE LABARGE *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

WELLINGTON GARCIA
Plaintiff, Pro Se
1537 Darien Street
Reading, PA 19601

HON. LETITIA JAMES              JOHN F. MOORE, ESQ.
New York State Attorney General   NOAH C. ENGELHART, ESQ.
Attorneys for Defendants          Ass't Attorneys General
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On February 5, 2021, *pro se* plaintiff Wellington Garcia ("plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging his constitutional rights were violated while he was incarcerated at

Bare Hill Correctional Facility.  Dkt. No. 1.  After plaintiff amended his complaint, Dkt. No. 12, it was accepted for filing, Dkt. No. 16, defendant LaBarge moved to dismiss the § 1983 claim that was asserted against him, Dkt. No. 18.  That motion was fully briefed, Dkt. No. 21, 24, referred to U.S. Magistrate Judge Thérèse Wiley Dancks, Dkt. No. 28, and ultimately denied by this Court on December 15, 2021, Dkt. No. 36.

Thereafter, defendant LaBarge answered the amended complaint, Dkt. No. 37, and the parties proceeded to discovery.  Because the other named defendants were only identified as "Does," plaintiff was repeatedly instructed to take reasonable steps to identify these individuals, Dkt. Nos. 8 at 18; Dkt. No. 16 at 7–8, and was warned that these defendants would be dismissed if not timely identified and served, Dkt. No. 8 at 19–20; Dkt. No. 16 at 6; Dkt. No. 28 at 10.

Notably, defendant LaBarge's counsel produced documents related to the incidents alleged in plaintiff's amended complaint.  Dkt. No. 28; Dkt. No. 33. Plaintiff was also afforded an additional period of time in discovery in which to identify these individuals.  Dkt. No. 67 at 12.  Even so, these defendants remain unidentified and unserved.

On July 27, 2023, defendant LaBarge—the only defendant who was ever identified in this action—moved under Rule 56 of the Federal Rules of Civil Procedure for summary judgment on plaintiff's claims against him.  Dkt. No.

75. Despite being served with notice of the consequences of his failure to do so, Dkt. Nos. 76–77, plaintiff did not respond. So Judge Dancks *sua sponte* extended the deadline to September 19, 2023. Dkt. No. 78.

On February 12, 2024, several months after the passage of the relevant deadlines, and without a response or any other filing from plaintiff, Judge Dancks finally advised by Report & Recommendation ("R&R") that defendant LaBarge's motion for summary judgment be granted, the Doe defendants be dismissed without prejudice, and that plaintiff's claims against defendant LaBarge be dismissed with prejudice. Dkt. No. 79.

Plaintiff has not filed objections, and the time period in which to do so has expired. *See* Dkt. No. 79. Upon review for clear error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 79) is ACCEPTED;

2. Defendant LaBarge's motion for summary judgment (Dkt. No. 75) is GRANTED;

3. Plaintiff's conditions-of-confinement and excessive force claims against defendant LaBarge are DISMISSED with prejudice;

4. The Doe defendants are DISMISSED without prejudice; and

5. Plaintiff's amended complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: March 5, 2024
Utica, New York.

_____
David N. Hurd
U.S. District Judge